UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

```
---------------------------------------------------------X
                                              :
ALTADIS U.S.A. INC.                           :
714 Green Valley Rd.                          :
Greensboro, NC  27408                         :
                                              :
      and                                     :
                                              :
MAX ROHR, INC.,                               :
103 Foulk Rd., Suite 253                      :
Wilmington, DE  109803                        :        Case No. 8:19-cv-02390
                                              :
            Plaintiffs,                       :
                                              :
      -against-                               :
                                              :
TRISTIAN TURNER,                              :
1009 Chillum Rd., Unit 107                    :
Hyattsville, MD  20782                        :
Prince George's County                        :
                                              :
            Defendant.                        :
                                              :
---------------------------------------------------------X
```

## COMPLAINT

Plaintiffs, Altadis U.S.A. Inc. ("Altadis") and Max Rohr, Inc. ("Rohr") (collectively "Plaintiffs"), by and through their undersigned attorneys, for their Complaint against Defendant, Tristian Turner ("Turner" or "Defendant"), respectfully allege as follows:

## NATURE OF ACTION

1.      Plaintiffs own valuable rights in the famous, federally registered "DUTCH MASTERS" and "BACKWOODS" trademarks, which have been used widely and continuously for decades in connection with cigars and a host of ancillary goods.  Defendant has blatantly and willfully misappropriated the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram

accounts, which are used to promote "DUTCH MASTERS" and "BACKWOODS" cigars, and in doing so has converted to his own use Plaintiffs' registered trademark rights and copyright rights.  By his actions, Defendant is liable for trademark infringement, false designation of origin and unfair competition, and trademark dilution in violation of the Lanham Act of 1946, as amended, 15 U.S.C. §1051, *et seq*.; for unfair competition under the common law of the State of Maryland; and for conversion of registered trademark rights and copyright rights under the common law of the State of Maryland.  Plaintiffs seek, *inter alia*:  (i) a declaratory judgment that Altadis is the owner of the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts; and (ii) an injunction prohibiting Defendant from accessing, using, possessing or controlling said accounts.  Plaintiffs have no adequate remedy at law.

## THE PARTIES

2.      Plaintiff Altadis is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 714 Green Valley Road, Greensboro, North Carolina 27408.

3.      Plaintiff Rohr is a corporation organized and existing under the laws of the State of Delaware, having an office at 103 Foulk Road, Suite 253, Wilmington, Delaware 19803. Rohr is a wholly-owned subsidiary of Altadis.

4.      Upon information and belief, Defendant Turner is a citizen of the State of Maryland, residing at 1009 Chillum Rd., Unit 107, Hyattsville, MD 20782.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 2201 (declaratory judgment), 28 U.S.C. § 1331 (federal question), 15 U.S.C. § 1121 (actions arising under the Lanham Act), 28 U.S.C. §1338(a) (acts of Congress relating to

trademarks), 28 U.S.C. § 1338(b) (pendant unfair competition claims) and 28 U.S.C. § 1367 (supplemental jurisdiction over state claims).

6.  This Court has jurisdiction over Defendant by virtue of the fact that, upon information and belief: (1) he is domiciled within the State of Maryland; (2) he transacts business within the State on a regular and consistent basis; (3) he has infringed Rohr's registered trademarks within the State; and (3) he has infringed Rohr's registered trademarks without the State causing injury to property within the State.

7.  Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS

### Plaintiffs' Trademarks

8.  Plaintiff Rohr is the owner of the trademarks associated with "DUTCH MASTERS" brand cigars in the United States. Specifically, Rohr is the owner of:

(a) "DUTCH MASTERS and Design" trademark and U.S. federal trademark registration number 232,114 registered on August 30, 1927 in International Class 34 for "cigars" on the Principal Register;

(b) "DUTCH MASTERS (Stylized)" trademark and U.S. federal trademark registration number 502,797 registered on October 12, 1948 in International Class 34 for "cigars" on the Principal Register;

(c) "DUTCH MASTERS and Portrait Design" trademark and U.S. federal trademark registration number 1,696,406 registered on June 23, 1992 in International Class 34 for "cigars and smoking tobacco" on the Principal Register;

(d) "Dutch Masters Portrait Design" trademark and U.S. federal trademark registration number 1,324,943 registered on March 12, 1985 in International Class 34 for "cigars" on the Principal Register; and

(e) "DUTCH MASTERS CREMA DOLCE" trademark and U.S. federal trademark registration number 5,475,978 registered on May 22, 2018 in International Class 34 for "cigars" on the Principal Register;

(collectively, the "DUTCH MASTERS Trademarks").  True and correct copies of registration certificates for the DUTCH MASTERS Trademarks are attached hereto as Exhibit A.

9.      The DUTCH MASTERS Trademarks have been in use in this country since at least as early as 1912 by Altadis and its predecessors-in-interest.  Altadis and its predecessors-in-interest have continuously and consistently promoted and advertised "DUTCH MASTERS" cigars since the inception of use of the DUTCH MASTERS Trademarks.  All such use inured to the benefit of Rohr and its predecessors-in-interest.

10.     Plaintiff Rohr is also the owner of the trademarks associated with "BACKWOODS" brand cigars in the United States.  Specifically, Rohr is the owner of:

(a)     "BACKWOODS" trademark and U.S. trademark registration number 1,164,008 registered on August 4, 1981 for "cigars" in International Class 34 on the Principal Register;

(b)     "BACKWOODS" trademark and U.S. trademark registration number 3,268,658 registered on July 24, 2007 for "ashtrays, cigar cases, cigarette cases, tobacco cases, cigarette holders and cigarette lighters of precious metals" in International Class 14, and for "tobacco pouches; cigar and cigarette cases not of precious metal" in International Class 34, on the Principal Register;

(c)     "BACKWOODS (Stylized)" trademark and U.S. trademark registration number 4,923,532 registered on March 22, 2016 for "cigarillos, cigars" in International Class 34 on the Principal Register;

(d)     "BACKWOODS and (Honeycomb) Design" trademark and U.S. trademark registration number 4,918,877 registered on March 15, 2016 for "cigarillos, cigars" in International Class 34 on the Principal Register;

(e)     "BACKWOODS and (Burlap) Design" trademark and U.S. trademark registration number 4,923,533 registered on March 22, 2016 for "cigarillos, cigars" in International Class 34 on the Principal Register;

(f)     "BACKWOODS and (Burlap) Design" trademark and U.S. trademark registration number 4,928,698 registered on March 29, 2016 for "cigarillos, cigars" in International Class 34 on the Principal Register;

(g)     "BACKWOODS and (Honeycomb) Design" trademark and U.S. trademark registration number 4,928,699 registered on March 29, 2016 for "cigarillos, cigars" in International Class 34 on the Principal Register;

(h)     "BACKWOODS WILD 'N MILD CIGARS and (Burlap) Design" trademark and U.S. trademark registration number 4,918,876 registered on March 15, 2016 for "cigarillos, cigars" in International Class 34 on the Principal Register; and

(i)     "BACKWOODS WILD 'N MILD CIGARS ALL NATURAL TOBACCO 5 CIGARS and Design" and U.S. trademark registration number 4,933,398 registered on April 5, 2016 for "cigarillos, cigars" in International Class 34 on the Principal Register;

(collectively, the "BACKWOODS Trademarks").  True and correct copies of registration certificates for the BACKWOODS Trademarks are attached hereto as Exhibit B.

11.     The BACKWOODS Trademarks have been in use in this country since at least as early as 1979 by Altadis and its predecessors-in-interest.  Altadis and its predecessors-in-interest have continuously and consistently promoted and advertised "BACKWOODS" cigars since the inception of use of the BACKWOODS Trademarks.  All such use inured to the benefit of Rohr and its predecessors-in-interest.

12.     Altadis and its predecessors-in-interest have used the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks only in connection with the finest quality cigars and licensed merchandise.   Through these efforts, the "DUTCH MASTERS" and "BACKWOODS" cigar brands are among the most popular and best-selling cigar brands in the United States.  "DUTCH MASTERS" and "BACKWOODS" cigars are extensively advertised and available virtually everywhere that cigars are sold throughout the United States, in thousands of retail locations and in all channels of trade.

13.     Altadis is actively engaged in the development of "DUTCH MASTERS" and "BACKWOODS" merchandise and in selective licensing of the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks.

14.     The DUTCH MASTERS Trademarks and the BACKWOODS Trademarks are used on packaging for "DUTCH MASTERS" and "BACKWOODS" brand cigars, in advertisements, on the Internet, in point of purchase materials and in other forums.

15.     The DUTCH MASTERS Trademarks and the BACKWOODS Trademarks are inherently distinctive to the public and the trade and serve primarily as designators of origin of Altadis' products.

16.     As a result of the widespread use and display of the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks, and "DUTCH MASTERS" and "BACKWOODS" brand cigars, by Altadis and its subsidiaries:  (a) cigars marked with the DUTCH MASTERS Trademarks or the BACKWOODS Trademarks are recognized by the trade and the public as high quality cigars emanating from a single source; and (b) the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks have built up secondary meaning and extensive goodwill.

**Misappropriation of "DutchMasters_since 1912" and "Backwoods_Cigars"**
**Instagram Accounts**

17.     ZOOM Insights, Inc. ("ZOOM") was hired to manage Instagram accounts promoting the "DUTCH MASTERS" and "BACKWOODS" cigar brands.  ZOOM managed the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts (the "Instagram accounts").

18.     Upon information and belief, Defendant Turner, an employee of ZOOM, worked on the Instagram accounts during his employment with ZOOM.  Defendant received direction regarding his work on the Instagram accounts from ZOOM.

19.     On or about July 23, 2019, ZOOM announced its Dissolution.  A true and correct copy of ZOOM's letter to creditors is attached hereto as Exhibit C.

20.     Upon information and belief, Defendant misappropriated the Instagram accounts and changed the passwords necessary to access same, purportedly as a result of his displeasure with ZOOM's Dissolution.

21.     Upon information and belief, Defendant was able to take control of the Instagram accounts because he had used a personal email address to set up the accounts.

22.     Upon information and belief, Defendant, in a conversation with ZOOM's CEO, demanded a $50,000 payment to return access to the Instagram accounts to ZOOM.

23.     Defendant has alleged that he was an independent contractor and therefore has some ownership interest in the Instagram accounts.

24.     Upon information and belief, Defendant's work on the Instagram accounts was entirely under ZOOM's direction, supervision and control, and therefore ZOOM (not Defendant) was the creator of all protectable work with respect to the Instagram accounts.

25.     Alternatively, in the event that Defendant did create protectable work with respect to the Instagram accounts, upon information and belief, Defendant was an employee of ZOOM at the time and therefore all work that he performed with respect to the Instagram accounts was within the scope of his employment.  Defendant's work therefore constitutes a Work Made for Hire for the benefit of ZOOM under 17 U.S.C. § 101.

26.     Upon information and belief, Defendant was a W-2 employee of ZOOM at least as early as January 2016.  True and correct copies of documents evidencing Defendant's employment status are attached hereto as Exhibit D.

27.     In addition, Defendant:  (i) held himself out to be an employee of ZOOM in 2015, when the Instagram accounts in question were created; (ii) used a ZOOM email address and title in 2015; (iii) used a ZOOM email address to reset the password on the "Backwoods_Cigars" Instagram account in 2015; and (iv) received direction from ZOOM in 2015 regarding work to be performed on the Instagram accounts.  For example:

(i)     On May 22, 2015, Defendant sent an email from his ZOOM email address indicating:   "My name is Tristian Turner.  *I work for ZOOM MP, a*

*marketing company in which Backwoods Cigars is one of our clients"* (emphasis added);

(ii)     On September 19, 2015, ZOOM's CEO Tim Matthews sent an email to Defendant instructing him to upload a picture as the profile page of @dutchmasterscigars; and

(iii)    On October 27, 2015, Defendant sent an email from his ZOOM email address, which contained his ZOOM title in the email signature, stating: "I was thinking, as a social media example, you can refer them to the @backwoods_cigars IG page which we have grown to almost 30k followers in less than 9 months. . ."

True and correct copies of documents evidencing Defendant's employment status in 2015 are attached hereto as Exhibit E.

28.     Importantly, ZOOM was the only entity that was authorized to use Rohr's federally-registered trademarks.  Defendant is not and has never been so authorized.

29.     ZOOM assigned all right, title and interest in and to the Instagram accounts, as well as all content and intellectual property contained therein, to Altadis and its subsidiaries (i.e., Rohr).  A true and correct copy of the Assignment is attached hereto as Exhibit F.

30.     Pursuant to paragraph 2 of the Assignment, ZOOM sells, assigns, transfers and conveys unto Altadis the full and exclusive worldwide right, title and interest in and to the Assigned Rights.  The Assigned Rights include, without limitation:  (i) Instagram accounts incorporating Altadis' "DUTCH MASTERS" and "BACKWOODS" cigar brands, and specifically, the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts (which are identified in Exhibit A of the Assignment); (ii) the Usernames for the Instagram

accounts; (iii) password and login information for the Instagram accounts; (iv) content created for, posted to and contained within the Instagram accounts; and (v) all intellectual property rights (including trademarks and copyrights) associated with the Instagram accounts.

31.     Altadis therefore owns not only the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts, but all content and intellectual property contained therein.

32.     As a result of Defendant's conduct, the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts are now being used to promote and advertise Plaintiffs' "DUTCH MASTERS" and "BACKWOODS" cigars, without any input or control from Plaintiffs whatsoever.  Defendant's use of the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks in this manner is likely to cause consumer confusion and dilution of the distinctiveness of the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks.

33.     As a result of Defendant's conduct, Plaintiffs' registered trademark rights and copyright rights have been unlawfully converted to Defendant's possession, custody and control.

34.     Upon information and belief, Defendant has recklessly, willfully and intentionally violated Plaintiffs' rights with the deliberate intention of depriving Plaintiffs of their registered trademark rights in the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks, and copyright rights in the content contained in the Instagram accounts.

35.     Through long-term use and controlled marketing, the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks have become highly distinctive and strongly associated in the United States with cigars of the highest quality emanating from a single source (namely, Altadis).  Therefore, it is highly likely that distributors, retailers and consumers will assume that Altadis is the source of the Instagram accounts, when in fact, such accounts are now

controlled by Defendant and Altadis has no input regarding the promotion of cigars through said accounts.

36.     Defendant's unauthorized use of the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks constitutes an infringement of the distinctive DUTCH MASTERS Trademarks and BACKWOODS Trademarks and is likely to cause confusion, mistake or deception in that the public, the trade and others are likely to believe that the Instagram accounts are provided by, sponsored by, approved by, licensed by, affiliated with or in some other way legitimately connected to Plaintiffs.

37.     Defendant's continued use of the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks, as alleged, is likely to dilute the distinctiveness of the DUTCH MASTERS Trademarks and BACKWOODS Trademarks thus hampering efforts by Plaintiffs to continue to protect the outstanding reputation of their "DUTCH MASTERS" and "BACKWOODS" premium cigars, resulting in loss of sales of "DUTCH MASTERS" and "BACKWOODS" products and thwarting Plaintiffs' considerable efforts and expenditures to promote their products and to license the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks, all to Plaintiffs' irreparable harm.

## COUNT I

## DECLARATORY JUDGMENT

38.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 37 as though fully set forth herein.

39.     An actual controversy has arisen and now exists between the parties relating to ownership of the Instagram accounts.

40.     Defendant has alleged that he owns rights in the Instagram accounts.

41.     Upon information and belief, Defendant's work on the Instagram accounts was entirely under ZOOM's direction, supervision and control, and therefore ZOOM (not Defendant) was the creator of all protectable work with respect to the Instagram accounts.

42.     Alternatively, in the event that Defendant did create protectable work with respect to the Instagram accounts, upon information and belief, Defendant was an employee of ZOOM at the time and therefore all work that he performed with respect to the Instagram accounts was within the scope of his employment.  Defendant's work therefore constitutes a Work Made for Hire for the benefit of ZOOM under 17 U.S.C. § 101.

43.     ZOOM has assigned all right, title and interest in and to the Instagram accounts, and all content and intellectual property contained therein, to Altadis.

44.     Plaintiffs therefore seek a declaratory judgment, pursuant to 28 U.S.C. § 2201, that Altadis is the owner of the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts.

45.     Plaintiffs also seek an Order directing Instagram to transfer access to the Instagram accounts to Altadis, the rightful owner.

46.     Plaintiffs have no adequate remedy at law.

## COUNT II

## TRADEMARK INFRINGEMENT
## OF A FEDERALLY REGISTERED MARK

47.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 37 and 39 through 46 as though fully set forth herein.

48.     This is a claim brought by Plaintiff Rohr for direct infringement of federally registered trademarks arising under Section 32 of the Lanham Act, 15 U.S.C. §1114.

49.    Defendant's activities, as alleged, constitute direct infringement of Rohr's federally registered DUTCH MASTERS Trademarks and BACKWOODS Trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, all to the substantial and irreparable injury of the public and of Rohr's business reputation and goodwill.

50.    By such wrongful acts, Defendant has caused and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Rohr and to the goodwill associated with its registered marks, including diversion of customers and lost sales and profits. Rohr has no adequate remedy at law.

51.    Defendant's acts are willful, intentional and egregious and make this an exceptional case within the meaning of 15 U.S.C. §1117(a).

## COUNT III

## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

52.    Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 37, 39 through 46 and 48 through 51 as though fully set forth herein.

53.    This is a claim for trademark infringement, false designation of origin and unfair competition arising under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

54.    Defendant's unauthorized use of the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks constitutes willful, actual and/or contributory trademark infringement, false designation of origin and unfair competition to the substantial and irreparable injury of the Plaintiffs and of the business reputation and goodwill associated with the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks.

55.     Defendant's wrongful acts have caused and, unless restrained by this Court, will continue to cause serious irreparable injury and damage to Plaintiffs and to the goodwill associated with the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks. Plaintiffs have no adequate remedy at law.

**COUNT IV**

**FEDERAL TRADEMARK DILUTION**

56.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 37, 39 through 46, 48 through 51 and 53 through 55 as though fully set forth herein.

57.     This is a claim for dilution of the federally registered DUTCH MASTERS Trademarks and BACKWOODS Trademarks arising under the Federal Trademark Dilution Act, Section 43(a) of the Lanham Act, 15 U.S.C. §1125(c).

58.     The DUTCH MASTERS Trademarks and the BACKWOODS Trademarks are federally registered, are well-known and have become famous over the decades that Plaintiffs have used them in commerce in connection with cigars.  The DUTCH MASTERS Trademarks and the BACKWOODS Trademarks became famous long before Defendant commenced use of the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks.

59.     The DUTCH MASTERS Trademarks and the BACKWOODS Trademarks as used in connection with cigars are inherently distinctive to the consuming public.

60.     Defendant's unauthorized use of the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks in connection with cigars is likely to blur, weaken, tarnish and dilute the distinctive quality of the famous DUTCH MASTERS Trademarks and BACKWOODS Trademarks.

61.     Defendant's willful acts have caused and, unless restrained by this Court, will continue to cause serious irreparable injury and damage to Plaintiffs by diluting and tarnishing the goodwill Plaintiffs have engendered with the public with the registered DUTCH MASTERS Trademarks and BACKWOODS Trademarks as a source of cigars.  Plaintiffs have no adequate remedy at law.

## COUNT V

## COMMON LAW UNFAIR COMPETITION

62.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 37, 39 through 46, 48 through 51, 53 through 55 and 57 through 61 as though fully set forth herein.

63.     Defendant's unauthorized use of the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks is likely to cause confusion, mistake and/or deception to the public and the trade.

64.     Defendant's aforementioned acts were done with full knowledge of Plaintiffs' prior rights in the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks.  By appropriating the decades of goodwill in the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks, Defendant will unjustly enrich himself and cause damage to Plaintiffs.

65.     Defendant's conduct is blatant, willful and intentional and is undertaken with the full knowledge of Plaintiffs' prior, superior rights in their DUTCH MASTERS Trademarks and BACKWOODS Trademarks.

66.     Defendant's conduct constitutes common law unfair competition which is causing immediate and irreparable harm to Plaintiffs and to the goodwill associated with Plaintiffs'

DUTCH MASTERS Trademarks and BACKWOODS Trademarks.  Plaintiffs will continue to be damaged and the public will continue to be deceived unless Defendant is enjoined by this Court. Plaintiffs have no adequate remedy at law.

## COUNT VI

## CONVERSION OF PLAINTIFFS' INTELLECTUAL PROPERTY RIGHTS

67.     Plaintiffs repeat and re-allege each and every allegation of paragraphs 1 through 37, 39 through 46, 48 through 51, 53 through 55, 57 through 61 and 63 through 66 as though fully set forth herein.

68.     Plaintiff Altadis owns the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts, and all content and intellectual property contained therein, by virtue of the Assignment from ZOOM attached as Exhibit F.

69.      Defendant has converted the Instagram accounts by changing the passwords on said accounts, thereby depriving Plaintiffs access to and possession of their property.

70.     In converting the Instagram accounts, Defendant has also converted Plaintiffs' registered trademark rights and copyright rights.

71.     The converted Instagram accounts, and all content and intellectual property contained therein, are fixed in digital media and therefore are tangible and transferable property.

72.     Plaintiffs are being irreparably harmed and will continue to be irreparably harmed unless Defendant is enjoined from using the DUTCH MASTERS Trademarks and the BACKWOODS Trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1.      That the Court issue a permanent injunction restraining Defendant, his agents, servants, employees, successors and assigns and all others in concert and privity with him from:

(a)      accessing, using, possessing or controlling the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts;

(b)      directly or indirectly infringing the DUTCH MASTERS Trademarks and/or the BACKWOODS Trademarks; and

(c)      unfairly competing with Plaintiffs.

2.      That the Court issue a declaratory judgment that Plaintiff Altadis is the owner of the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts;

3.      That Defendant be ordered to deliver to Plaintiffs the passwords necessary to access and control the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts;

4.      That the Court issue an order directing Instagram to transfer access to the "DutchMasters_since 1912" and "Backwoods_Cigars" Instagram accounts to Altadis;

5.      That Defendant be required to account to and compensate Plaintiffs for Defendant's profits and the actual damages suffered by Plaintiffs as a result of Defendant's acts of trademark infringement, false designation of origin and unfair competition in an amount to be proven at trial;

6.      That Plaintiffs' recoveries be trebled and prejudgment interest be awarded, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

7.      That Defendant be required to pay punitive damages in an amount no less than 1 Million U.S. Dollars ($1,000,000);

8.      That Defendant be compelled to pay Plaintiffs' attorneys' fees, together with costs of this suit, pursuant to Section 35 of the Lanham Act (15 U.S.C. §1117);

9.      That pre-judgment and post-judgment interest be awarded to the maximum extent provided by law; and

10.     That Plaintiffs obtain such other and further relief as this Court may deem just and proper.

### DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury for all issues so triable as a matter of law.

Dated:   August 19, 2019

                                               Respectfully submitted,


                                               */s/ Elizabeth A. Scully*
                                               Elizabeth A. Scully (#27402)
                                               BAKER & HOSTETLER LLP
                                               Washington Square, Suite 1100
                                               1050 Connecticut Avenue, N.W.
                                               Washington, DC  20036-5304
                                               escully@bakerlaw.com
                                               T: (202) 861-1500
                                               F: (202) 861-1783

                                               *Of Counsel*:

                                               Charles W. Grimes
                                               Russell D. Dize
                                               GRIMES LLC
                                               3501 Bonita Bay Blvd.
                                               Bonita Springs, FL  34134
                                               Telephone: (239) 330-9000

                                               grimes@gandb.com
                                               dize@gandb.com

                                               *Attorneys for Plaintiffs*